535 So.2d 1329 (1988)
STATE of Louisiana
v.
Stephen WATSON.
No. 88-KA-420.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1988.
John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant/appellant.
Before CHEHARDY, KLIEBERT and WICKER, JJ.
WICKER, Judge.
Stephen Watson pled guilty to the offense of simple burglary of an inhabited dwelling, La.R.S. 14:62.2. The trial judge sentenced him to ten years at hard labor, suspended, with the special conditions that he serve three years at hard labor and undergo psychiatric treatment during his jail time. He also sentenced him to ten years' active probation. He appeals on the grounds that his sentence is illegal. We vacate and remand.
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, *1330 probation or suspension of sentence, nor more than twelve years.
La.R.S. 14:62.2.
Watson complains that his sentence is illegal in three respects: it violates the restriction that the first year of the sentence be without suspension, probation, or parole; it violates La.C.Cr.P. art. 895 B which limits to two years any prison term imposed as an additional condition of probation; and it violates La.C.Cr.P. art. 893 A which limits probation to a maximum of five years.
The State joins Watson in asking for a remand for resentencing for an additional reason: under La.C.Cr.P. art. 893 A suspended sentences are limited to defendants on first or second felony convictions; and Watson has been convicted of six, or perhaps eight, prior felonies.
We agree with the contentions of both parties.
By sentencing Watson to ten years, with three years' imprisonment as a condition of probation, the trial judge has exposed him to the potential of thirteen years' imprisonment. State v. Wagner, 410 So.2d 1089 (La.1982); State v. Jones, 477 So.2d 914 (La.App. 4th Cir.1985). This is illegally harsh, as it has the potential for exposing Watson to a greater prison term than is permitted by La.R.S. 14:62.2.
Further, the sentence is illegally harsh since probation is limited to a maximum term of five years. La.C.Cr.P. art. 893 A. Additionally, imprisonment as a special condition of probation is limited to a maximum of two years. La.C.Cr.P. art. 895 B.
By failing to sentence Watson to one year of his sentence without benefit of parole, probation, or suspension of sentence, the trial judge has rendered a sentence which is illegally lenient. State v. Hardan, 501 So.2d 848 (La.App. 5th Cir. 1987), on remand 519 So.2d 224 (La.App. 5th Cir.1988). One year of his sentence must be without benefit of parole, probation, or suspension of sentence. La.R.S. 14:62.2.
By suspending a portion of Watson's sentence and allowing him probation, the trial judge imposed an illegally lenient sentence. State v. Mangano, 464 So.2d 1032 (La.App. 1st Cir.1985); State v. Walton, 440 So.2d 850 (La.App. 2d Cir.1983), writ den. 443 So.2d 1121 (La.1984). Suspension of sentence and probation are available only for first and second felony offenders. La.C. Cr.P. 893 A.
We vacate the sentence of Stephen Watson for the crime of burglary of an inhabited dwelling; and we remand the case for resentencing in accordance with La.R.S. 14:62.2, La.C.Cr.P. art. 895 B, and La.C.Cr. P. art. 893 A. We also note that any resentencing must comply with the principles of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.