749 So.2d 16 (1999)
STATE of Louisiana
v.
Arthur L. GUILBEAUX.
No. 99-KA-591.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1999.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Rebecca J. Becker, Frank Brindisi, Joe Aluise, Assistant District Attorneys, Gretna, for Plaintiff/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and MARION F. EDWARDS.
GOTHARD, J.
In this criminal matter, the state appeals a ruling by the trial court which denied a motion to correct an illegal sentence. For the following reasons, we vacate the sentence imposed and remand for further proceedings.
*17 Defendant, Arthur L. Guilbeaux, was charged by bill of information with possession of cocaine in violation of LSA-R.S. 40:967 C, an accusation to which he pled not guilty on July 31, 1998. On October 6, 1998 defendant accepted a plea bargain, withdrew his former plea and entered a plea of guilty as charged. After waiving all legal delays, defendant was sentenced to three years at hard labor. The sentence was suspended, and defendant was placed on three years active probation. He was ordered to pay a fine of $500 and court costs. He was also ordered to pay $100 in commissioner's fees and a probation supervisory fee of $20 per month. While addressing probation, the trial judge also indicated that defendant may be asked, inter alia, to undergo drug screening and/or drug rehabilitation if directed to do so.[1] On October 23, 1998 the state filed a motion styled, "Motion to Correct Illegal Sentence," in which it asserted that defendant could not receive a suspended sentence because he had two prior felony convictions. After a hearing, on November 30, 1998, the trial judge took the matter under advisement. Subsequently, on March 30, 1999, the trial judge denied the motion without reasons. The state filed a timely written motion for appeal on April 5, 1999. The court granted the motion on April 12, 1999.
Defendant entered a plea of guilty; however, no recitation of facts was presented at the plea colloquy. Thus, the only facts available are found in the bill of information which alleged that on July 1, 1998, defendant violated LSA-R.S. 40:967 C in that he knowingly or intentionally possessed a controlled dangerous substance; namely, cocaine.
The trial judge conducted a plea colloquy prior to accepting defendant's guilty plea, in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), ascertaining that defendant voluntarily and knowingly waived his right against self-incrimination, his right to a jury trial, and his right to confrontation. See, State v. Stamp, 98-193 (La.App. 5 Cir. 7/28/98), 718 So.2d 531, 535. The record also contains a waiver of rights form signed by defendant, his attorney, and the trial judge reciting a waiver of these rights, and stating defendant was not forced, coerced nor threatened to enter the guilty plea.
The trial judge informed defendant that he would impose a specifically delineated sentence if he accepted the plea. The waiver acknowledges defendant's understanding of the sentence to be imposed. After accepting the plea, the trial judge imposed the stipulated sentence. Thereafter, defense counsel stated, "[t]his plea is tendered contingent upon the district attorney's promise and agreement that there will be no multiple bill filed against Mr. Guilbeaux." The trial judge entered the stipulation into the record without objection from the state.
At the hearing on the state's motion to correct an illegal sentence, the defendant rebutted the motion on both procedural and substantive grounds. The defendant asserted that the state's motion to correct an illegal sentence was filed pursuant to LSA-C.Cr.P. art. 881.5 which reads as follows:
On motion of the state or the defendant, or on its own motion, at any time, the court may correct a sentence imposed by that court which exceeds the maximum sentence authorized by law.
Defendant argued that the state has no standing to file a motion under this article; or in the alternative, that the article only authorizes the correction of a sentence which exceeds the maximum and is inapplicable to an illegally lenient sentence. Further, the defendant argued that the state is procedurally barred from review of defendant's sentence for failure to make a contemporaneous objection, or file a written *18 motion to reconsider sentence pursuant to LSA-C.Cr.P. art. 881.1. Defendant also argued that the state agreed to a negotiated plea and can not now complain about the sentence.
In brief to this court the state argues that its motion, although incorrectly titled, was timely filed under LSA-C.Cr.P. art. 881.1 A, which provides that:
(1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion or reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
It is well settled that appellate courts are prohibited from action to correct illegally lenient sentences where the prosecution has failed to preserve the issue for appeal. State v. Harrell, 98-671 (La. App. 5 Cir. 1/26/99), 727 So.2d 1231, 1236. In order to preserve the issue of correction of an illegally lenient sentence for appeal, the state must file a written motion setting forth the specific ground on which it is based within thirty days following imposition of the sentence as required by article 881.1 A(1). In the instant case, although the motion is incorrectly titled, in substance it complies with the above requirements. Accordingly, we find the state is not barred from raising the issue on appeal, and we will consider the merits of the state's argument.
In brief to this court, the state argues the trial judge erred in imposing a suspended sentence in violation of LSA-C.Cr.P. art. 893, where defendant was a third felony offender.
LSA-C.Cr.P. art. 893 A provides in pertinent part:
When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. [Emphasis added]
The defense agreed on the record that defendant received an illegally lenient sentence. We agree. There is no dispute that prior to the instant plea, defendant was a second felony offender pursuant to convictions for possession of cocaine and possession of a firearm. LSA-R.S.40:967 C and 14:95.1. The present conviction was defendant's third felony offense. This court has held that pursuant to Article 893 A, "[s]uspension of sentence and probation are available only for first and second felony offenders." State v. Watson, 535 So.2d 1329, 1330 (La.App. 5 Cir.1988). In that case, the court, inter alia, vacated the illegal sentence and remanded the case for resentencing. 535 So.2d at 1330.
Thus, the issue in this case is not whether the defendant's sentence is illegal, but rather can it be corrected on the state's motion after a negotiated plea bargain.
As a general rule, when a guilty plea rests on a promise or agreement of the prosecutor or trial court, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Redfearn, 441 So.2d 200 (La.1983). Further, plea bargains have been generally interpreted under civil contract law. In State v. Anthony, 99-0107, p. 3 (La.App. 4 Cir. 4/07/99), 735 So.2d 746, writ denied, 99-1360 (La.6/25/99), 746 So.2d 606, the Fourth Circuit has explained that:
The Louisiana Supreme Court has viewed plea agreements as contracts between the state and the defendant; it has generally referred to the rules of contract law for application by analogy *19 in determining the validity of such agreements. However, the Court has noted that commercial contract law can serve only by analogy because plea agreements are constitutional contracts and they must be construed in light of the rights and obligations created by the constitution. The Louisiana Supreme Court has held that a defendant's constitutional right to fairness may be broader than his or her rights under the law of contract. (Citations omitted).
Under our civil code an obligation cannot exist without a lawful cause. LSA-C.C. art. 1966. LSA-C.C. art. 1968 explains that, "(t)he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy".
In the instant case the state entered into a plea bargain which afforded the defendant an illegally lenient sentence. Under our law, such an agreement is an absolute nullity which may not be confirmed. LSA-C.C. art. 2030. Although we recognize that a plea bargain must be construed in the light of the defendant's constitutional rights, we do not believe it to be in society's best interest to uphold such a bargain.
For the foregoing reasons, we find the defendant's sentence is illegal and was imposed pursuant to an illegal plea bargain. Accordingly, we vacate the sentence and remand the matter to the trial court for further proceedings, with the reservation of defendant's right to withdraw his guilty plea.
SENTENCE VACATED; MATTER REMANDED.
NOTES
[1] Defendant's "Waiver of Constitutional Rights/Plea of Guilty" form, recites his understanding that his sentence would include drug screening and rehabilitation.