945 So.2d 783 (2006)
STATE of Louisiana
v.
Ronald FAIRMAN, Jr.
No. 06-KA-366.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
*784 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Ken Dohr, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
The State of Louisiana brings this appeal, contending the defendant's sentence is illegally lenient. For the following reasons, we reverse.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Ronald Fairman, Jr. with possession of marijuana, third offense, in violation of La. R.S. 40:966 C. The defendant pled not guilty at his arraignment. He subsequently withdrew his not guilty verdict and pled guilty as charged. The trial court sentenced the defendant to imprisonment at hard labor for one year, suspended that sentence, and placed him on active probation for three years. The State subsequently filed a "motion to reconsider sentence and/or motion to correct an illegal sentence." The trial court denied that motion and this appeal ensued.
Because this case involves a guilty plea, the known facts regarding the charged offense are minimal. The bill on information shows the defendant was charged with third offense possession of marijuana, having been twice convicted of that crime. The probable cause affidavit in the arrest report indicates that narcotics investigators were conducting an investigation at Avenue A and West Bank Expressway, when they observed defendant passing a hand-rolled cigar that emitted a strong odor of burning marijuana. The officers conducted a field test on the green vegetable matter from the cigar, and the result was positive for presence of marijuana. The officers placed the defendant under arrest.
During the guilty plea colloquy, the defendant admitted he knowingly possessed marijuana jointly with his co-defendant, Algeron Washington, on October 12, 2005. The defendant further admitted he had two prior convictions for possession of marijuana, in cases number 97-2964 and 03-2964.
At the time of sentencing, the prosecutor objected to the penalty imposed as illegally lenient, arguing the defendant's prior convictions prohibited him from receiving a suspended sentence under Article 893. The trial judge reminded the prosecutor that he had informed the parties of his plan to offer the defendant a plea bargain during a pre-trial conference the previous day.[1] The judge said he had made it clear to the parties that his aim in *785 proposing a plea agreement with a sentence favorable to the defendant was to "unclog" the court's docket.
The prosecutor explained that he had agreed to the plea bargain based upon a mistaken understanding that the defendant would receive a one-year jail team; had he realized the plea bargain involved a suspended sentence, he would not have consented to it. The judge overruled the State's objection, commenting that in his view, the agreed upon sentence was not illegally lenient under Article 893. The trial court later denied the State's written "motion to reconsider sentence and/or motion to correct an illegal sentence" without reasons. We find that the trial court ruled in error.
The exhibits attached to the State's trial court motion show the defendant accrued five felony convictions between 1997 and 2003. This court has held that, under La.C.Cr.P. art. 893 A, "`[s]uspension of sentence and probation are available only for the first and second felony offenders.'" State v. Guilbeaux, 99-591 (La.App. 5 Cir. 11/10/99), 749 So.2d 16,18, quoting State v. Watson, 535 So.2d 1329, 1330 (La.App. 5 Cir.1988). In both Guilbeaux and Watson, under facts similar to those in the instant case, this court vacated the defendants' illegal sentences and remanded for re-sentencing.
Criminal plea agreements are analogous to contracts in that they are formed by the consent of the parties established through offer and acceptance. Louisiana courts generally use civil contract law as guidance in determining the validity of plea bargains. State v. Givens, 99-3518 (La.1/17/01), 776 So.2d 443, 445; State v. Robinson, 01-946 (La.App. 5 Cir. 1/29/02), 807 So.2d 1085, 1089 writ denied, 02-0638 (La.11/1/02), 828 So.2d 563. Under our civil code an obligation cannot exist without a lawful cause. La. C.C. art.1966. La. C.C. art.1968 provides that "[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy."
The plea bargain in the instant case afforded the defendant an illegally lenient sentence. Under our law, such an agreement is an absolute nullity which cannot be confirmed on appeal. State v. Chisley, 03-426 (La.App. 5 Cir. 10/15/03), 860 So.2d 45, 51, writ denied, 03-3358 (La.4/2/04), 869 So.2d 874; State v. Guilbeaux, 749 So.2d at 19.
For the foregoing reasons, we find the defendant's sentence is illegal and was imposed pursuant to an illegal plea agreement. Accordingly, we vacate the sentence and remand the matter to the trial court for further proceedings, reserving to the defendant the right to withdraw his guilty plea.
SENTENCE VACATED; CASE REMANDED.
NOTES
[1] The waiver of rights form completed and signed by the defendant and his attorney at the time of the guilty plea shows that the agreed upon sentence was one year at hard labor, suspended, and three years' active probation.