973 So.2d 777 (2007)
STATE of Louisiana.
v.
Damon D. ADAMS.
No. 07-KA-355,
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
Paul D. Connick Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Assistant District Attorney, Gretna, Louisiana, for Plaintiff/Appellant.
Juan C. Labadie, Attorney at Law, Gretna, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The State of Louisiana appeals from the guilty plea conviction and sentence of the Defendant, Damon Adams, on Count One, for possession with intent to distribute MDNA,[1] with a sentence of eight years at hard labor, suspended, with the Defendant *778 placed on five years of active probation.[2] For the reasons which follow, we set aside the sentences on Count One and Count Five and remand.
The Defendant in this case pled guilty to the charges against him. As a result, the facts leading up to the charges are minimal and not relevant to this appeal.[3] Following the plea on all counts, and particularly on Count One, to possession with intent to distribute MDNA, in violation of La. R.S. 40:966(A) in accord with the Defendant's written waiver of rights form, the Defendant was sentenced "to 8 years in the Department of Corrections." That sentence was suspended and Defendant was placed on five years of active probation.
Following the imposition of sentence, the State filed a timely Motion to Reconsider/Correct Sentence. In the motion, the State argued that the sentence imposed on Count One was illegally lenient. More specifically, it was argued that the statute under which the Defendant was convicted and sentenced, La. R.S. 40:966(A) and (B)(2), respectively, required a mandatory five year sentence to be served at hard labor and without benefit of parole, probation, or suspension of the sentence. Thus, the sentence imposed by the trial court, suspending the eight year term, was illegally lenient and thereby invalid.
At the hearing on the State's motion, the trial court noted that the State had been in agreement with the suspended sentence during plea negotiations and when imposed. The promise of suspended sentences formed part of the agreement upon which the plea was based, as evidenced by the Defendant's waiver of rights form and the colloquy between the Defendant and the trial court. Further, the trial court noted that the Defendant had been doing well on probation for the past nine months between sentencing and the hearing on the motion, For these reasons, the trial court denied the State's motion. It is from this ruling, as well as the imposition of sentence, that the State appeals.
On appeal, the State argues that the trial court erred in imposing an illegally lenient sentence and, as such, it must be vacated. The State argues that its consent to, or even advocacy for, an illegally lenient sentence cannot excuse or diminish that illegality. Whatever its initial position, the State argues, if the State timely moves, in writing, to reconsider an illegally lenient sentence, it is entitled to the relief sought.
The Defendant argues in opposition that since the State agreed to the sentence, illegally lenient or not, as an inducement for the guilty plea, and the Defendant did plead guilty, the State should not thereafter be entitled to have the sentence increased.
It is well settled that a plea bargain that affords a defendant an illegally lenient sentence is a nullity which cannot be affirmed on appeal. State v. Fairman, 06-366, p. 4 (La.App. 5 Cir. 10/31/06), 945 *779 So.2d 783, 785, citing, State v. Chisley, 03-426, p. 10 (La.App. 5 Cir. 10/15/03), 860 So.2d 45, 51, writ denied, 03-3358 (La.4/2/04), 869 So.2d 874. However, it is equally well settled that a plea is considered constitutionally infirm when a defendant is induced to enter the plea by a plea bargain or by what he justifiably believed was a plea bargain, and that bargain is not kept. State v. Dixon, 449 So.2d 463, 464 (La.1984); State v. Ebright, 04-0972, p. 4 (La.App. 5 Cir. 1/11/05), 894 So.2d 359, 360-361.
In this case, the Defendant pled, in Count One, to possession with intent to distribute MDMA, in violation of La. R.S. 40:966(A). The penalty for violating this Subsection, as applicable in this case, provides:
(2) Except as otherwise provided in Paragraph (3) of this Subsection, any other controlled dangerous substance classified in Schedule I, shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, at least five years of which shall be served without benefit of parole, probation, or suspension of sentence, and pay a fine of not more than fifty thousand dollars.
La. R.S. 40:966(B)(2).
Defendant was sentenced to eight years at hard labor, and his sentence was suspended, without consideration, as requested by defense counsel, of a downward departure, under State v. Dorthey, 623 So.2d 1276 (La.1993), from the statutorily provided sentence. As imposed, the sentence is illegally lenient and must be vacated.
However, as the record presently stands, remanding for resentencing in accord with La. R.S. 40:966(B)(2) would seem to require the imposition of a sentence that would not conform with what was intended by the parties at the time the guilty pleas were accepted and the original sentences were imposed. Such action would render the plea constitutionally infirm and require the plea to be vacated. The Supreme Court has cautioned us, in State v. Robinson, 06-1406 (La.12/8/06), 943 So.2d 371, against setting aside guilty pleas resulting in dispositions favorable to the defendant on the basis of defects about which the defendant does not complain. Therefore, rather than vacate the plea at this juncture of the case, we will remand the case to the district court with instructions to conduct an evidentiary hearing before resentencing, to determine what was intended by the plea agreement upon which Defendant relied in pleading guilty, and whether a legal sentence can be imposed in conformity with the plea. The trial court must then either sentence Defendant to a legal sentence in conformity with what was intended or vacate the guilty plea if it is found that Defendant's pleas were induced by a promise that cannot be kept. See. State v. Lewis, 628 So.2d 247 (La.App. 5 Cir.1993).
ERROR PATENT
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals the following error.
In sentencing the Defendant on Count One to eight years imprisonment, suspended with five years active probation, the trial court ordered that the same sentence would apply to Count Five. In Count Five, the Defendant was charged and pled guilty to possession of clonazepan, in violation of La. R.S. 40:969(C). The penalty provision for that offense provides for imprisonment "with or without hard labor for not more than five years and, in addition, may be required to pay a fine of not *780 more than five thousand dollars." La. R.S. 40:969(C)(2). Accordingly, we find that Defendant's sentence for that offense, to eight years imprisonment, is illegally harsh, because it is beyond the maximum allowed by law. An illegal sentence, whether too lenient or too harsh, cannot be affirmed on appeal. Therefore, we vacate the illegal sentence imposed on Count Five.
Based on the foregoing, the sentences imposed on Count One, for possession with intent to distribute MDMA, and Count Five, for possession of clonazepam, to eight years imprisonment at hard labor, suspended, with five years active probation, are vacated. The case is remanded to the district court for a hearing to determine what was intended by the plea agreement, whether a legal sentence can be imposed in conformity with that intent, and to sentence the Defendant accordingly or allow him to withdraw his plea.
SENTENCES ON COUNTS ONE AND FIVE VACATED; CASE REMANDED.
NOTES
[1] MDMA is the common name for 3, 4-methylenedioxymethamphetamine, a non-narcotic controlled dangerous substance classified in Schedule I.
[2] At the time Defendant pled and was sentenced on Count One, he also pled and was sentenced to three other counts: Count Three, possession of cocaine, sentenced to five years; Count Four, possession of dextroamphetamine, sentenced to five years; and Count Five, possession of clonazepan, sentenced to eight years at hard labor, all sentences were ordered to run concurrent and suspended, with the Defendant placed on five years active probation. Count Two related to a charge against a co-defendant.
[3] According to the police report, the Defendant was stopped for a traffic violation and, in plain view, a clear plastic bag of green vegetable matter was observed by the officer. Defendant was placed under arrest and a search incident to the arrest of his person as well as the vehicle revealed the other drugs.