MARION F. EDWARDS, Judge.
 

 1.¿In this criminal matter, defendant-appellant, Steven M. Campbell (“defendant”), challenges his guilty pleas and the sentences resulting from those pleas. Defendant was charged by original and amending bills of information with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one); one count of possession of cocaine between 28 and 199 grams in violation of La. R.S. 40:967(F) (count two); and creating and operating a clandestine laboratory for the manufacturing of cocaine and crack cocaine in violation of La. R.S.40:983 (count three).
 

 After several defense motions, including motions to suppress the evidence, identification and confession were considered and denied by the trial court, defendant withdrew his not guilty plea and entered pleas of guilty to all three counts. Pursuant to a plea agreement with the State, the trial court sentenced the defendant to ten years at hard labor without parole, probation, or
 
 *1078
 
 suspension of sentence on the firearm possession, ten years at hard labor on the creation of a clandestine laboratory for the manufacture of cocaine, and fifteen years at hard labor without benefit of parole, probation, or suspension of ^sentence on the possession of cocaine charge. The sentences were ordered to run concurrently with each other.
 

 Subsequently, the State filed a multiple bill of information alleging that the defendant was a second felony offender based on a prior conviction of possession with intent to distribute cocaine and the current guilty plea to possession of cocaine. When the defendant stipulated to the allegation charged in the multiple bill of information, the trial court vacated the original sentence on count two, the possession of cocaine charge, and imposed an enhanced sentence of fifteen years at hard labor, without benefit of probation or suspension of sentence for the first five years.
 
 [1]
 
 The trial court ordered this enhanced sentence to run concurrent with the other sentences in this case. Defendant subsequently moved for and was granted an out-of-time appeal.
 

 FACTS
 

 Because of the guilty pleas and the lack of a trial, the facts contained in the record are minimal. It appears from the hearing on the motions to suppress and statements made at the time of the plea that defendant’s arrest and subsequent charges were the result of an investigation into complaints by neighbors that suspicious activity suggestive of narcotic trafficking was occurring in a nearby storage facility. According to the statements made by the State at the time the guilty plea was accepted by the trial court, the defendant possessed a .44 handgun and 172.57 grams of cocaine and had created and was operating a laboratory in which he manufactured cocaine.
 

 \ ¿LAW AND ANALYSIS
 

 In brief to this Court, defendant assigns seven errors. In the first five he challenges the validity of his guilty pleas, and, in the final two errors, the defendant asserts he had ineffective assistance of counsel in the trial court.
 

 Relative to his guilty plea, defendant first argues that his guilty pleas to counts one and two were not voluntary and knowing because the trial court failed to properly inform him of the sentencing provisions for each offense. Specifically, defendant asserts that he was not advised of the minimum sentence or of the mandatory statutory fine for each offense. Further, defendant contends that he received illegal sentences on counts one and two, thereby rendering the pleas absolute nullities. In his final assignment relating to the pleas, defendant argues that the terms of the plea agreement were not honored.
 

 The record shows that, during the plea colloquy, the trial judge advised defendant of the maximum sentence for each of the three offenses to which defendant was pleading guilty but failed to advise him of the mandatory minimum sentence for each offense and of the mandatory fines for counts one and two. The charge in count one, felon in possession of a firearm, mandates a sentence of not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence, and a fine of between $1,000 and $5,000.
 
 [2]
 
 Count two, possession of cocaine between 28 and 199 grams, mandates a sentence of not less than five years nor
 
 *1079
 
 more than thirty years at hard labor, and a fine of not less than between $50,000 and $150,000.
 
 [3]
 

 Once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn and only by appeal or post-conviction | firelief.
 
 [4]
 
 A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the Boykin
 
 [5]
 
 colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain and that bargain is not kept.
 
 [6]
 

 La.C.Cr.P. art. 556.1, in pertinent part, states:
 

 A. In a felony case, the court shall not accept a guilty plea or nolo conten-dere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
 

 (l)The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
 

 Violations of La.C.Cr.P. art. 556.1 that do not rise to the level of
 
 Boykin
 
 violations are subject to harmless error analysis.
 
 [7]
 
 The Louisiana Supreme Court has clearly held that the core
 
 Boykin
 
 constitutional requirements have never been extended to include advice with respect to sentencing.
 
 [8]
 
 In determining whether a violation of Article 556.1 is harmless, the inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty.
 
 [9]
 

 This Court has previously considered the same argument presented by defendant and concluded that the mere fact that the trial court failed to inform the defendant of the statutory minimum and maximum sentence and the possibility of the imposition of a fine under the statute charged does not render the plea involuntary.
 
 [10]
 
 We noted that, although the trial court did not advise the defendant of the statutory minimum sentence for one of the offenses, the defendant conferred with her attorney before entering her guilty pleas. This Court also noted that the | ^defendant’s sentence was part of a plea bargain, she was clearly advised of the sentence which she would receive by pleading guilty, and her plea bargain was “highly successful” in that she received a sentence considerably below the statutory maximum. We further found the trial court’s failure to advise the defendant of the applicable fines was inconsequential because no fines were actually imposed.
 
 [11]
 

 In the matter before us, as in
 
 Gilliam,
 
 the defendant conferred with counsel prior to entering his guilty pleas. Additionally, the guilty plea form executed by defendant contained the full sentencing range for all three offenses, including the minimum sentence for each offense. Thus, it is clear from the record that the defendant knew the minimum sentences and the possibility
 
 *1080
 
 of fines before he entered a plea of guilty. Further, the sentences imposed pursuant to the plea bargain were clearly advantageous to the defendant since he received the minimum sentence on count one and mid-range sentences on counts two and three. Therefore, the failure of the trial court to properly inform the defendant of the full sentencing ranges in open court does not render the plea unknowing and involuntary.
 

 Defendant also argues the State breached a promise to delay sentencing until a pending matter in Orleans Parish was resolved so that the sentences in this matter and the Orleans matter could be handled collectively. There is no evidence of such a promise in the record that would support this claim. Defendant waived all delays for sentencing in the waiver of rights form, and he was informed of the sentencing date in open court. At that time, defense counsel moved for a continuance based on the pending Orleans Parish matter. That motion was denied, and there is no Vindication that the plea bargain was predicated on this delay. Accordingly, we find no merit in this argument.
 

 However, our inquiry into the validity of defendant’s guilty pleas does not end with the above conclusions. Defendant also argues that the failure to impose mandatory fines constitutes an illegal plea bargain that is an absolute nullity. In support of that argument, defendant cites
 
 State v.
 
 Guilbeaux,
 
 [12]
 
 Specifically, the defendant argues that the imposition of an illegally lenient sentence is an absolute nullity that must be set aside.
 

 In
 
 Guilbeaux,
 
 defendant was sentenced pursuant to a plea bargain that provided the defendant with a suspended sentence for which he was ineligible due to prior convictions. The State filed a motion to correct an illegally lenient sentence. In
 
 Guilbeaux,
 
 we analyzed the nature of a plea bargain, noting that it is a contract generally subject to contract rules. Under our Civil Code, an obligation cannot exist without a lawful cause.
 
 [13]
 
 The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy.
 
 [14]
 
 However, we also noted that a plea bargain in a criminal case by its nature must be construed in the light of the defendant’s constitutional rights.
 
 [15]
 
 Ultimately, we determined that it would not be in society’s best interest to uphold a plea bargain that provides a defendant with an illegally lenient sentence, and we vacated the sentence as an absolute nullity, and reserved the defendant’s right to withdraw the guilty plea.
 
 [16]
 

 Since the
 
 Guilbeaux
 
 decision, there have been a line of cases declaring illegally lenient sentences imposed pursuant to plea bargains absolute nullities | ¿relying on
 
 Gu-ilbeaux.
 

 [17]
 

 The holding in
 
 Guilbeaux
 
 has expanded the concept to include any plea agreement that allowed an illegally lenient sentence, without making a distinction between a sentence that was prohibited by law and one that is simply impermissible under the circumstances presented.
 
 [18]
 
 In
 
 *1081
 

 Chidey,
 
 the defendant did not receive a sentence prohibited by law. The
 
 Chidey
 
 defendant received a sentence below the statutory minimum, a sentence that could be permissible under certain circumstances under
 
 State v.
 
 Dorthey.
 
 [19]
 

 We believe that an illegally lenient sentence imposed pursuant to a plea bargain is only an absolute nullity if the plea bargain has an unlawful cause or a negotiated sentence prohibited by law. We do not find the extension of that ruling used in
 
 Chidey
 
 appropriate.
 

 It is undisputed that the appellate court has the authority to correct an illegally lenient sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction. Subsequent to our opinion in
 
 Gidl-beanx,
 
 the Louisiana Supreme Court held that an appellate court has the authority under La.C.Cr.P. art. 882 to correct an illegally lenient sentence at any time, even if the issue of an illegal sentence was not raised by the defendant or the State.
 
 [20]
 
 Since that time, this Court has used that authority to notice the failure of the trial court to impose a mandatory fine and our authority to remand the matter to the trial court for imposition of a mandatory fine. However, often in indigent defender matters, we have decided not to use that authority.
 
 [21]
 

 |flWe, therefore, hold that not every illegally lenient sentence imposed pursuant to a plea bargain constitutes an absolute nullity. In the matter before us, where the sentence is illegally lenient due to the failure to impose a mandatory fine, we do not find the plea bargain to be an absolute nullity.
 

 Accordingly, we do not find any argument presented by defendant relating to the invalidity of the plea bargain because it was unknowing, involuntary, or an absolute nullity convincing.
 

 Nevertheless, upon a review of the record for errors patent, we find that defendant’s enhanced sentence is illegal and indeterminate because the trial court ordered it to run concurrent with “any parole violation or probation violations (defendant) may have, or revocations.” Only the judge who revokes the probation can order the sentence on a probation revocation to run either concurrently or consecutively with the sentence of a later conviction.
 
 [22]
 
 This Court has the authority to correct an illegal sentence at any time.
 
 [23]
 
 Pursuant to that authority, we vacate that portion of the sentence.
 

 We further note that the portion of defendant’s enhanced sentence that states it is to run concurrent with any parole violations is indeterminate and, therefore, in violation of La.C.Cr.P. art. 879. While there is no prohibition against the trial judge ordering a sentence to run concurrent with a parole revocation, the sentence is indeterminate because defendant’s parole status is unclear.
 
 [24]
 

 In the final two assignments of error, defendant asserts he had ineffective assistance of counsel. Specifically, defendant argues that his defense counsel failed to object to the trial court’s improper recitation of the sentencing provisions and to
 
 *1082
 
 the imposition of sentences that did not comply with the plea agreement. hnHe also claims his trial counsel was ineffective for failing to file a motion to set aside his guilty pleas because the terms of the plea agreement were breached.
 

 A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney’s performance was deficient, and (2) the deficiency prejudiced him.
 
 [25]
 
 The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or
 
 “a
 
 trial whose result is reliable.”
 
 [26]
 
 In order to show prejudice, the defendant must demonstrate that, but for counsel’s unprofessional conduct, the outcome of the trial would have been different.
 
 [27]
 
 Although an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted, the record in the present case is sufficient to address the merits of defendant’s claims and, therefore, may be addressed in the interest of judicial economy.
 
 [28]
 

 Defendant’s claims of ineffective assistance of counsel are based on the same grounds he advanced in his previous assignments of errors addressed above. He first claims his trial counsel was ineffective for failing to object to the trial court’s failure to advise him of the minimum sentences on each count and of the mandatory fine provisions for counts one and two. As stated above, defendant was not prejudiced by these errors. Defendant was advised of the minimum sentences in the waiver of rights form he executed prior to pleading guilty. Additionally, ^defendant did not receive the mandatory fine and, therefore, was not prejudiced by his lack of knowledge of the statutorily mandated fines and defendant’s sentence on count two was vacated. Furthermore, defendant received the mandatory minimum sentence on count one minus the mandatory fine, the mandatory minimum fifteen-year sentence on his enhanced sentence as a second felony offender on count two, and a mid-range sentence on count three. All three sentences were ordered to run concurrently.
 

 His claim of ineffective assistance of counsel based on his counsel’s failure to file a motion to set aside his guilty pleas because of a breach in the plea agreement is also without merit. As discussed above, there was no breach in the plea agreement.
 

 Accordingly, these assignments of error are without merit.
 

 CONCLUSION AND DECREE
 

 For the reasons set forth herein, we vacate the illegal portions of defendant’s enhanced sentence making the sentence run concurrently with any probations or probation revocations.
 
 [29]
 
 We affirm the sentence as amended.
 

 
 *1083
 
 We further remand this matter to the trial court to clarify defendant’s parole status. Because neither of the above discussed errors in sentencing were part of defendant’s negotiated plea agreement, it is not necessary to reserve defendant’s right to withdraw his guilty plea.
 

 CONVICTIONS AFFIRMED; SENTENCE AMENDED AND AS AMENDED AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . We note that the sentence on count two, the possession of cocaine charge, was illegal; however, the issue is moot since that original sentence was vacated when the enhanced sentence was imposed.
 

 [2]
 

 . La. R.S. 14:95.1(B).
 

 [3]
 

 . 40:967(F)(1)(a).
 

 [4]
 

 .
 
 State v. McCoil,
 
 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
 

 [5]
 

 .
 
 Boykin
 
 v.
 
 Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [6]
 

 .
 
 Id.
 

 [7]
 

 .
 
 State v. Guzman,
 
 99-1753 (La.5/16/00), 769 So.2d 1158, 1164
 

 [8]
 

 .
 
 Id.
 

 [9]
 

 .
 
 State v. Gilliam,
 
 01-748 (La.App. 5 Cir. 1/15/02), 807 So.2d 1024, 1027,
 
 writ denied,
 
 02-512 (La.11/1/02), 828 So.2d 562.
 

 [10]
 

 .
 
 See, State v. Guzman, supra
 
 and
 
 State v. Gilliam, supra.
 

 [11]
 

 .
 
 State v. Gilliam, supra.
 

 [12]
 

 . 99-591 (La.App. 5 Cir. 11/10/99), 749 So.2d 16.
 

 [13]
 

 . La. C.C. art. 1966:
 
 Guilbeaux, supra.
 

 [14]
 

 . La. C.C. art. 1968;
 
 Guilbeaux, supra.
 

 [15]
 

 .
 
 Guilbeaux, supra.
 

 [16]
 

 .
 
 Id.
 

 [17]
 

 .
 
 See, State
 
 v.
 
 Chisley,
 
 03-426 (La.App. 5 Cir. 10/15/03), 860 So.2d 45,
 
 writ denied,
 
 03-3358 (La.4/2/04), 869 So2d 874;
 
 State v. Fairman,
 
 06-366 (La.App. 5 Cir. 10/31/06), 945 So.2d 945 So.2d 783;
 
 State v. Adams,
 
 07-355 (La.App. 5 Cir. 11/27/07), 973 So.2d 777;
 
 State v. Hines,
 
 07-313 (La.App.5Cir.11/27/07), 970 So.2d 707.
 

 [18]
 

 .
 
 State v. Chisley, supra.
 

 [19]
 

 . 623 So.2d 1276 (La.1993). St
 
 ate v. Hines, supra,
 
 has also followed this expanded reasoning in
 
 Chisley.
 

 [20]
 

 .
 
 State
 
 v.
 
 Williams,
 
 00-1725 (La.11/28/01), 800 So.2d 790.
 

 [21]
 

 .
 
 See, State v. Grant,
 
 04-341 (La.App. 5 Cir. 10/26/04) 887 So.2d 596.
 

 [22]
 

 . La.C.Cr.P. art. 901(C)(2).
 

 [23]
 

 . La.C.Cr.P. art. 882.
 

 [24]
 

 .
 
 See, State v. Hines,
 
 07-312 (La.App. 5 Cir. 10/30/07), 970 So.2d 1134, 1138.
 

 [25]
 

 .
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984);
 
 State
 
 v.
 
 Soler,
 
 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075,
 
 writ denied,
 
 94-1361 (La.11/4/94), 644 So.2d 1055.
 

 [26]
 

 .
 
 Strickland v. Washington,
 
 466 U.S. at 687, 104 S.Ct. at 2064;
 
 State v. Serio,
 
 94-131 (La.App. 5 Cir. 6/30/94), 641 So.2d 604, 607,
 
 writ denied,
 
 94-2025 (La.12/16/94), 648 So.2d 388.
 

 [27]
 

 .
 
 Strickland v. Washington, 466
 
 U.S. at 694, 104 S.Ct. at 2068;
 
 State v. Soler, supra
 
 at 9, 636 So.2d at 1075.
 

 [28]
 

 .
 
 State v. Taylor,
 
 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595.
 

 [29]
 

 . We also note a discrepancy between the transcript and the commitment in the original sentence imposed on count two. However, since that sentence was vacated before the
 
 *1083
 
 enhanced sentence was imposed, the issue is moot.