JUDE G. GRAVOIS, Judge.
|?,Defendant, Teresa Lommasson, entered guilty pleas to two counts of operating a motor vehicle while intoxicated, fourth offense. In entering these pleas, defendant reserved her right to appeal the trial judge’s denial of her Motions to Quash. Hence on appeal, she argues her motions were improperly denied. For the reasons that follow, we affirm in part, reverse in part, and remand.

PROCEDURAL HISTORY

On December 1, 2004, the Jefferson Parish District Attorney filed a bill of information, in case number 04-7794, charging defendant with operating a motor vehicle while intoxicated (fourth offense), in violation of LSA-R.S. 14198(E).[1] On May 18, 2005, the Jefferson Parish District Attorney filed another bill of |sinformation, in case number 05-3218, charging defendant with operating a motor vehicle while intoxicated (fourth offense), in violation of LSA-R.S. 14:98(E).[2]
In both cases, arraignment was set for May 26, 2005 and defendant failed to appear for arraignment. The trial court forfeited defendant’s bond and issued an attachment for her arrest. Thereafter, on December 7, 2010, following arraignment in each case, defendant entered pleas of not guilty.
On January 28, 2011, defendant filed identical motions to quash the bill of information in both cases, alleging that the State had failed to commence trial within two years from the institution of prosecution. After a hearing on February 14, 2011, the trial court denied defendant’s motions to quash the bills of information, at which time defendant entered guilty pleas pursuant to State v. Crosby, 338 So.2d 584 (La.1976).[3]
On that same day, defendant was sentenced to five-year concurrent sentences on each count, with all but sixty days suspended. Defendant was placed on active probation for three years, one year to be served under home incarceration, with ten hours of community service per month while on probation. Defendant was also fined $5,000 in case number 04-7794.[4] The court also gave defendant credit for time served and imposed the sentences to run concurrently to each other and to those imposed for the misdemeanor charges.
These timely appeals followed and have been consolidated for review.
1 ¿ASSIGNMENT OF ERROR — Failure to grant Motion to Quash
In her sole assignment of error, defendant contends that the trial court erred when it failed to grant her Motions to Quash, arguing that the trials in her cases *799 were commenced untimely. She asserts that the State failed to demonstrate that the time limitation for bringing her to trial was interrupted. She contends that she did not leave the State of Louisiana to avoid being prosecuted and further that the State failed to exercise due diligence in discovering her whereabouts after only one attempt at personal service in May of 2005. Defendant contends that her roommate, Richard Sindik’s, testimony that she lived with him from 2004 to 2008 and that she received letters from the State regarding her unemployment claim supports her argument that the State only made a cursory attempt at service. She concludes that the trial court’s finding that she intentionally avoided prosecution was contrary to the evidence and testimony as reflected in the record.
The State responds that the limitation period was interrupted when defendant was unable to be served at the address she provided to the court and that her presence could not be obtained by legal process and/or because she was absent from her place of abode in attempt to avoid prosecution. Specifically, the State asserts that the subpoena in case number 04-7794 reflects that the deputy could not serve defendant because she was not at that address “per Richard Sindik.” The State submits that the trial court’s denial of the motions to quash was amply supported by the record.
As a general matter, the State has two years from the institution of prosecution to commence a trial in a non-capital felony case. LSA-C.Cr.P. art. 578(A)(2). The Louisiana Supreme Court has explained that the “statutory periods of limitation ‘enforce the accused’s right to a speedy trial and ... prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite | fiperiods of time.’ ” State v. Romar, 07-2140, p. 3 (La.7/1/08), 985 So.2d 722, 725 (per curiam), quoting State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286. The date of institution of prosecution is the date when the bill of information is filed. State v. Smith, 07-959, p. 5 (La.App. 5 Cir. 3/11/08), 982 So.2d 831, 834.
Upon expiration of the time limitation, the court shall, on motion of the defendant, dismiss the indictment and there shall be no further prosecution against the defendant for that criminal conduct. LSA-C.Cr.P. art. 581. A motion to quash is the proper procedural vehicle for asserting an expiration of the time limitations. LSA-C.Cr.P. art. 532(7).
Once a defendant shows that the State has failed to commence trial within the time periods specified by the general rule governing time limitations for commencement of trial, the State bears a heavy burden to demonstrate that either an interruption or a suspension of the time limit tolled prescription. State v. Morris, 99-3235, p. 1 (La.2/18/00), 755 So.2d 205 (per curiam). To satisfy its burden in establishing that an interruption of the prescriptive period has occurred, the State must exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him. State v. Breaux, 05-358, p. 5 (La.App. 5 Cir. 12/27/05), 920 So.2d 274, 277 (citation omitted). The trial judge’s denial of a motion to quash should not be reversed in the absence of a clear abuse of the trial court’s discretion. State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, 1208.
In her motions to quash, defendant argued that the time period for prosecuting her under LSA-C.Cr.P. art. 578 had expired. On its face, defendant’s motions to quash appear meritorious. Although prosecution was timely instituted, trial was *800 not commenced within the two-year period provided by LSA-C.Cr.P. art. |ñ578(A)(2). Thus, the issue is whether the State has met its burden of proving an interruption or suspension of the time limitation.
LSA-C.Cr.P. art. 579 provides for the interruption of the time limitation for commencing trial, as follows:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
At the hearing on the motions to quash the bills of information held prior to trial on February 14, 2011, defendant argued that the record reflected that only one attempt at service was made on May 6, 2005, and the State never attempted to serve defendant again. Defendant stated that a single attempt to make service does not meet the State’s obligation that a defendant cannot be served and the ability to serve a defendant is outside the State’s control.
The State submitted the service information in the court record in both cases and argued that the defendant was served at the address defendant gave, 634 Car-rollton Avenue, in Metairie. It asserted that certified mail sent to the Carrollton Avenue address was ignored and the person at the address refused to sign for it. The State pointed out that defendant in the instant case claims that she actually lived at the address; however, the person with whom she lived said she did not live there.
|7Richard Sindik was the only witness to testify at the hearing. Mr. Sindik testified that he lived with defendant at 634 Car-rollton Avenue in Metairie from 2004 to 2008, with two exceptions. Defendant was absent from the residence while in “rehab” in May of 2005 and also for a short period of time in 2005 due to Hurricane Katrina. Mr. Sindik testified that he did not recall speaking with a Sheriffs deputy prior to Hurricane Katrina, but that he would not have told the deputy that defendant no longer lived at the Carrollton Avenue address.
Mr. Sindik further testified that defendant received correspondence and unemployment checks from the State’s unemployment office at the Carrollton Avenue address, and that defendant’s identification card listed the Carrollton Avenue address as her place of residence. Documents were submitted to support this testimony.
On cross-examination, Mr. Sindik testified that he did not know why defendant would not accept certified mail sent to her at the Carrollton address. He also admitted that he was aware defendant had two DWI charges pending against her.
The trial court denied defendant’s motions to quash, finding that the subpoena indicated that Mr. Sindik informed the deputy that defendant “was not at this address,” which was sufficient to convince the State to believe that defendant no longer resided there. The Court also found that the deputy had no reason *801 “whatsoever” to believe that the occupant of the house would have misrepresented that fact to him, and had Mr. Sindik indicated that defendant resided there, the deputy would have made domiciliary service.
The trial court further found the fact that two separate certified letters were sent to defendant, which reflected that notices left at the address in June were left unclaimed, corroborated the belief that even though defendant resided at the IsCarrollton Avenue address, “she was doing everything possible to convince that she did not reside there and to avoid the service.” The court noted that it did not believe that the State was required to make numerous attempts at service when the deputy was informed by a resident that the person does not reside there.

Review of Case Number 04-7794

A review of the record indicates that the trial court correctly denied defendant’s motion to quash in case number 04-7794. Service of the May 26, 2005 arraignment date was attempted at the Carrollton Avenue address and returned by the Jefferson Parish Sheriffs Office with remarks that defendant “was not at th[at] address, per Richard Sindik.” The Sheriffs return, when received by the Clerk of Court, shall form part of the record and shall be considered prima facie correct. State v. Smith, 07-959, p. 8 (La.App. 5 Cir. 3/11/08), 982 So.2d 831, 836. The defendant did not appear for arraignment on May 26, 2005.[5]
Subsequently, when notice of defendant’s bond forfeiture was sent to the Car-rollton Avenue address, it was returned to the Jefferson Parish Clerk’s office, marked “unclaimed” after several notices were left at the residence. The fact that defendant admits that she actually received her unemployment checks and other correspondence from the State unemployment office at the Carrollton Avenue address strongly suggests that defendant purposefully evaded prosecution in this case.
Defendant argues that other than this one attempt at service, no follow-up attempts were made even though she lived at the Carrollton Avenue address through 2008.
In State v. Taylor, 439 So.2d 410 (La.1983), the State first attempted service of a notice of arraignment on a DWI defendant at the address written on the traffic 13citation issued at the time of the offense. When this was returned showing there was no such address, service was attempted at the address shown on the defendant’s bond. However, the Sheriffs officer attempting service testified that an unidentified man at the complex told him that he did not think that the defendant lived there, so the return was endorsed “unable to locate” and filed in the record. This officer testified that he made one more unsuccessful attempt at that address, but this was not reflected in the record. An arrest warrant was issued when the defendant failed to appear for arraignment. The defendant subsequently moved to a new residence in Baton Rouge, notifying his probation officer but not the court handling the DWI charge; he also failed to notify the court of his later move out of state. While the State argued that the defendant’s actions made his presence unobtainable and evidenced an intent to avoid prosecution, the Supreme Court held that the State had not made a “due and diligent effort to subpoena the defendant,” and that there was insufficient evidence of *802 any intent to elude the authorities. Taylor, 439 So.2d at 414. The Court found that there was no interruption in' the time period and the charges had to be dismissed.
In order for the State to meet its burden in proving that defendant’s purpose in absenting herself was to avoid detection, apprehension, or prosecution, the record must “clearly” establish that the purpose of her absence is to avoid detection, apprehension or prosecution. Taylor, 439 So.2d at 414. Thus, although there was only one attempt at service in this case, the State has met its burden. Unlike Taylor, here the record reflects that the deputy attempting service was informed by another resident of the household, Mr. Sindik, that defendant was “not at the address.” Had Mr. Sindik stated otherwise, it is only reasonable to assume that the deputy would have made domiciliary service of notice of defendant’s arraignment date.
[inWe recognize that Mr. Sindik testified at the hearing that defendant was in “rehab” in May of 2005 and that he never would have told the deputy that defendant did not live there contradicts the remarks written on the subpoena. The trial court, as it is free to do, clearly believed the remarks on the subpoena over Mr. Sindik’s testimony.[6] Further, the fact that Mr. Sindik told the deputy that defendant did not reside with him then later testified that he never told the deputy that defendant did not reside with him indicates that defendant was absent in order to avoid detection, service, and eventual prosecution, as contemplated under LSA-C.Cr.P. art. 579(A)(1). Moreover, the fact that the certified letters went unclaimed in June of 2005, after several notices were left, further supports this proposition, especially when considering defendant continued to receive her unemployment checks at this address. This also substantiates the belief that defendant was not amenable to service at the Carrollton Avenue address, as contemplated by LSA-C.Cr.P. art. 579(A)(2). Due to the fact that defendant was attempting to avoid detection and prosecution, we find that a perpetual cause for the interruption of service existed until defendant was arrested. Once defendant was arrested, she was immediately arraigned. Furthermore, any attempts to serve defendant at another address from 2005 to 2008 would have been futile since defendant admits that she actually lived at the Carrollton Avenue address during that time.
Accordingly in case number 04-7794, the record indicates that the State met its burden in proving that defendant absented herself from her residence in order to avoid detection and prosecution, as stated in LSA-C.Cr.P. art. 579(A)(1). Likewise, the State could not secure defendant’s presence through legal process for reasons beyond its control, particularly, because defendant mislead the State into 111 believing she did not reside at the Car-rollton Avenue address. LSA-C.Cr.P. art. 579(A)(2). As such, we find that the trial court did not abuse its discretion in denying defendant’s motion to quash in case number 04-7794.

Review of Case Number 05-3218

Conversely, in case number 05-3218, the State did not meet its burden in proving that defendant purposefully absented herself to avoid prosecution, under LSA-C.Cr.P. art. 579(A)(1), or that her presence could not be obtained through *803 legal process, or some other reason beyond the control of the State, under Art. 579(A)(2).
As previously discussed, the return on the subpoena which indicates that Mr. Sin-dik informed the deputy that defendant was not at the residence was only filed in case number 04-7794. The record is void of any evidence that service of defendant’s arraignment date was attempted and returned in case number 05-3218. The record in case number 05-3218 only reflects that a certified letter regarding the bond forfeiture was returned unclaimed after several notices were left. This is insufficient evidence for the State to meet its burden in proving a diligent effort in securing defendant’s attendance, or that defendant absented herself from her residence in order to avoid detection, service, and prosecution, under Art. 579(A)(1), because there is no proof in case number 05-3218 that defendant was not amenable to service at the address and likewise prosecution.
Further, the unclaimed letters are insufficient to show that defendant’s presence could not be obtained through legal process, under Art. 579(A)(2), despite the State’s diligent effort to procure defendant’s attendance, because there was no record of any attempt at service.
The trial court’s reliance on the returned subpoena filed in a separate case to deny defendant’s motion to quash was an abuse of discretion because there was no 11?such evidence in the record in case number 05-3218. Considering the record in 05-3218 is devoid of any evidence of service related to the notice of the arraignment date, the State did not prove a diligent effort to obtain defendant’s presence was made in case 05-3218 because she was not amenable to service. See State v. Franklin, 10-792 (La.App. 4 Cir. 4/6/11), 62 So.3d 817, 819-20, where the State argued that defendant received actual notice to appear, under LSA-C.Cr.P. art. 579, using the issuance of a capias for defendant’s arrest as proof that defendant received notice of his arraignment date, and the court held that in light of the total absence in the record of any evidence that defendant received the subpoena noted in the minute entry, the State failed to meet its burden of showing an interruption of the prescriptive period. Accordingly, the motion to quash filed in case number 05-3218 is hereby granted. The guilty plea entered in case number 05-3218 is vacated.

ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
This review indicates that defendant’s sentence in case number 04-7794 is illegally lenient.
At the time of defendant’s conviction on February 14, 2011,[7] LSA-R.S. 14:98(E)(l)(a), the penalty provision for fourth felony DWI offenders, provided in pertinent part:
I ia[T]he offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined $5,000 dollars. Two years of the sentence of imprisonment shall be imposed without benefit of *804 probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment.
Because the statute dictates a ten-year sentence, defendant’s five-year sentence is illegally lenient. More significantly, four years and ten months of the sentence was suspended, leaving defendant to serve only sixty days in jail, when the statute requires that two years of the sentence be served without the benefit of suspension of sentence. Considering that the sentence was imposed pursuant to a negotiated plea bargain, the issue becomes whether the illegal sentence can be corrected, or rather, whether it is an absolute nullity. Magana, 09-195 at 9, 27 So.3d at 898.
An appellate court has the authority to correct an illegally lenient sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction. State v. Campbell, 08-1226 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1078, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842. The appellate court has this authority, even if the issue of the illegal sentence was not raised by the defendant or the State pursuant to LSA-C.Cr.P. art. 882. Id., 08-1226 at 8, 15 So.3d at 1081. An illegally lenient sentence imposed pursuant to a plea bargain is an absolute nullity if the plea bargain has an unlawful cause or a negotiated sentence prohibited by law. Id. A defendant does not have a constitutional or statutory right to an illegal sentence. State v. Williams, 00-1725, p. 9 (La.11/28/01), 800 So.2d 790, 797
In State v. Guilbeaux, 99-591, p. 6-7 (La.App. 5 Cir. 11/10/99), 749 So.2d 16,18-19, this Court determined that the defendant received an illegally lenient sentence pursuant to a plea bargain. The defendant, who was statutorily ineligible 114for a suspended sentence because he had two prior felony convictions, received a suspended sentence. Id., 99-591 at 6, 749 So.2d at 18. This Court recognized that, as a general rule, when a guilty plea rests on a promise or agreement of the prosecutor or trial court, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. Id., 99-591 at 6, 749 So.2d at 18. Despite this recognition, this Court held that the plea bargain was “an absolute nullity which may not be confirmed,” vacated the defendant’s sentence, and remanded, reserving the defendant his right to withdraw his guilty plea Id., 99-591 at 7, 749 So.2d at 19.
In this case, defendant’s suspended sentence, which required her to serve only sixty days in prison, is not permissible by law because the applicable statute prohibits suspension of sentence for two years. See Guilbeaux, supra; See also Magana, supra, and State v. Smith, 08-528, p. 8 (La.App. 5 Cir. 1/13/09), 1 So.3d 802, 806, where this Court vacated defendant’s sentence reserving defendant’s right to withdraw his guilty plea, finding that defendant’s home incarceration sentence was prohibited by LSA-C.Cr.P. art 894.2, which sets forth eligibility for home incarceration. Considering the foregoing, defendant’s sentence which is prohibited by law is hereby vacated. This matter is remanded for re-sentencing in accordance with the law, reserving defendant’s right to withdraw her guilty plea.[8]
*805 | ^CONCLUSION
For the foregoing reasons, defendant’s conviction in case number 04-7794 is affirmed. Defendant’s sentence in case number 04-7794 is vacated. This matter is remanded for proceedings consistent with this opinion, reserving defendant’s right to withdraw her guilty plea.
The denial of defendant’s motion to quash in case number 05-3218 is reversed and hereby vacated. Hence, defendant’s plea and resulting conviction in case number 05-3218 is vacated.

AFFIRMED IN PART; REVERSED IN PART; REMANDED

. The violation occurred on October 27, 2004. In connection with this offense, the record reflects that defendant was also charged with three misdemeanor violations in case number 04-7795: reckless operation of a vehicle, possession of an alcoholic beverage in an open container, and driving with a suspended license. Those offenses are not part of this appeal.

. This violation occurred on April 27, 2005. In connection with this offense, the record reflects that defendant was also charged with three misdemeanor offenses in case number 05-3219: hit and run, driving with a suspended license, and reckless operation. These offenses are not part of this appeal.

. At that time, defendant also entered guilty pleas to the misdemeanor charges in case numbers 04-7795 and 05-3219.

. It is noted that commitments in both cases reflect the imposition of a $5,000 fine. However, the transcript reflects that the court only imposed one fine.

. It is noted that there is no indication in the record that defendant was given actual notice of the arraignment date.

. It is the trier of fact that determines the credibility of witnesses, and within the bounds of rationality, may accept or reject all, or any part of, the testimony. It is not the function of the appellate court to assess credibility or reweigh the evidence. State v. Falcon, 06-798, p. 11 (La.App. 5 Cir. 3/13/07), 956 So.2d 650, 657.

. The general rule is that the law in effect at the time of the commission of the offense is determinative of the penalty the defendant must receive. However, the Louisiana Supreme Court found the general rule did not apply to LSA-R.S. 14:98 because the specific provisions of the statute applied the law in effect at the time of defendant’s conviction. State v. Magana, 09-195, p. 8 (La.App. 5 Cir. 10/13/09), 27 So.3d 893, 897 n. 7, (citing State v. Mayeux, 01-3195, pp. 6-8 (La.6/21/02), 820 So.2d 526, 530-531).

. It is also noted that defendant’s sentence is illegally lenient for several other reasons: During sentencing, defendant was sentenced to serve 10 hours of community service for each month she was out on probation; however, LSA-R.S. 14:98(E)(I)(b) requires forty eight-hour days of community service. It is further noted that the commitment, guilty plea colloquy, and addendum to the waiver of rights form reflect that defendant received *805 special conditions which required her to undergo substance abuse treatment, to participate in a court-approved driver improvement program, and to have a Breath Analyzer System installed in her vehicle; however, these conditions were not imposed during sentencing. In addition, the guilty plea colloquy and addendum to the waiver of rights form reflect that defendant is to adhere to special conditions regarding home incarceration that are not referenced in the commitment and were not imposed during sentencing. Specifically, defendant was not to consume alcohol or frequent a place where alcohol is served, she was required to obtain employment, and her vehicle was required to be seized and sold. Nevertheless, considering that the sentence was vacated as an absolute nullity, discussion of these errors is pretermitted.