STEPHEN J. WINDHORST, Judge.
lsDefendant, Brandon L. Barnes, pled guilty to armed robbery in violation of La. R.S. 14:64 (count oné) and felon in possession of a firearm in violation of La. R.S. 14:95.1 (count three). He was sentenced to twenty-five years at hard labor on count one and ten years at hard labor on count three to run concurrently with each other: Both sentences were to be served without benefit of parole, probation, or suspension of sentence.[1]
Thereafter, defendant filed an application for post-conviction relief requesting an out-of-time appeal, which was granted. This appeal followed.
In this appeal, defense counsel alleges that there are no non-frivolous issues for review and also requests that this Court conduct-an error patent review. Defendant' has filed ¾ pro se brief in which he also requests an error patent review, Land further alleges that his guilty plea was constitutionally infirm. For the following reasons, we affirm defendant’s convictions and sentences.[2]
FACTS
Because the instant conviction was a result of a guilty plea, the. underlying facts of the matter were not fully developed at trial. The bill of information charges that in Jefferson Parish on or about August 19, 2012, defendant violated La. R.S. 14:64 by robbing Darcell Pope while armed with a dangerous weapon, and that he violated La. R.S. 14:95.1- by possessing a firearm, having previously been convicted of possession of Alprazolam within 1,000 feet of a school yard, in violation of La. R.S. 40:981.3.. At .the time-of defendants plea, the State tendered the following factual basis: “So basically, it’s a robbery with a gun of Dollar General where.money was taken.” The State further said that one of the defendants “had a gun in his - hand during the robbery,” The State also provided that “Each defendant had the prior convictions that are listed in the bill of information, and I am alleging that they shared, are principals on the gun.”
DISCUSSION
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 06/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that she has thoroughly *876 reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests permission to withdraw as counsel of record.
Defendant filed a pro se brief in which he adopts appellate counsel’s request for an error patent review. He also argues that during the Boykin[3] colloquy he placed the trial court on notice that his plea was induced by the use of threats 1 ¿and/or coercion: Defendant asserts that the court failed to acknowledge defendant’s recital, and neverthelés’s, accepted his guilty pleas.
After receiving appellate counsel’s brief and motion to withdraw, this - Court performed a full examination of the entire-appellate court record to determine whether this appeal is frivolous in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam),[4] Our independent review of the record in this case consisted of (1) a review of the bill of information to ensure that defendant was properly charged; (2) a review of all minute entries to ensure that defendant was present at all crucial stages of the proeeed-ings and that the conviction and sentence are legal; and (3) a review of the guilty plea and sentencing transcript to determine if there was an arguable basis for appeal.
In our review, we found no non-frivolous issues regarding defendant’s convictions and sentences. The record shows that defendant was aware that he was pleading guilty to armed robbery and felon in possession of a firearm. Defendant pled guilty as charged to both counts, which is reflected by both the transcript of . the guilty pleas colloquy and by defendant’s signed written guilty plea form. During the guilty pleas colloquy and by the guilty plea form, defendant was informed of his right to a trial by judge or jury; the right to be presumed innocent I «until the State proves his guilt beyond, a reasonable doubt; the right to confront any witnesses at trial who accuse him of these crimes and have counsel cross-examine each of those witnesses; the right to testify himself at trial if he chose to do so; the right to remain silent if he chose not to testify at trial and not have his silence held against him or considered as .evidence of his guilt; the right to subpoena and compel any witnesses that would testify on his behalf; the *877 right to present evidence that would be favorable ■ to him at trial; the right to appeal any guilty verdict that might be returned against him at trial; and the right to be represented by counsel through all stages of the proceedings and have counsel appointed to him if he could not afford counsel. In addition, both the transcript and the waiver of rights form reflect that defendant., was advised that if his guilty pleas were accepted, he would be sentenced to twenty-five years imprisonment for armed robbery and ten years imprisonment for felon in possession of a firearm, with both sentences to be served at hard labor without benefit of probation, parole, or suspension of sentence; and to run concurrently with each other. Defendant was sentenced in conformity with the plea agreement.
Defendant’s pro se assignment of error is included in this Anders discussion because the issues are closely related. In his pro se, brief, defendant asserts that he initially refused to agree to the plea bargain. According to defendant’s brief, defense counsel informed him that if he continued to refuse, then he would “die in prison because [defense counsel] was not going to put up any defense at trial.” Defendant stated that he “reluctantly” agreed to plead guilty. He asserts that during the guilty pleas colloquy when the trial court asked him “Have you been forced, threatened, or coerced into entering this plea of guilty,” he replied, “Yes, sir.” He complains that the 'trial court refused to inquire into the details of the threats and, nevertheless, accepted his guilty pleas.
^However, the transcript in the appellate record reflects that when the trial judge asked defendant whether he was forced, threatened, or coerced into entering his guilty pleas, defendant replied, “No, sir.”[5] In his guilty plea form; defendant initialed that he had not in any way been forced, coerced; or threatened to enter his guilty pleas. Defendant also initialed that he was satisfied with the way his attorney and the trial court handled his case. Therefore, the ’transcript of the guilty pleas colloquy and the.guilty plea form reflect that all constitutional requirements for accepting defendant’s guilty pleas were satisfied.
ERROR PATENT
Defendant requests an error patent re: view. This Court routinely reviews the record for errors patent according to the mandates of La.Cr.P. art. 920; State v. Oliveaux, 31.2 So.2d 837 (La.1975); and State v. Welland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. In. our review, we find the following which merit consideration.
La. R.S. 14:96.1 B provides a mandatory fine of not less than $1,000.00 or more than $5,000,00. The record reflects that the trial court did not , impose the mandatory fine in this case. Accordingly, defendant’s sentence for felon in possession of a firearm is illegally lenient. This Court has the authority to correct an illegal sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction. - See La.C.Cr.P. art. 882; State v, Campbell, 08-1226 (La.App. 5 Cir. 05/26/09), 15 So.3d 1076, 1081, writ denied, *878 09-1385 (La.2/12/10), 27 So.3d 842. Nevertheless, this authority is permissive rather than mandatory. Id. Considering that the defendant’s sentence was imposed as a result of a plea agreement and his indigent status, we decline to exercise our authority to correct this illegally lenient sentence. See State v. James, 13-666 (La. App. 5 Cir. 02/12/14), 136 So.3d 113, 118; Campbell, 15 So.3d at 1081.
We also note that the Louisiana Uniform Commitment Order is incomplete. ' Although the uniform commitment order reflects defendant’s “Total Sentence (total length of incarceration imposed)” as twenty-five years, it does not reflect defendant’s separate sentences on each count, and it does not mention defendant’s ten-year sentence for the felon in possession of a firearm conviction. Accordingly, we remand this matter so that the uniform commitment order may be corrected for accuracy and completeness, consistent with the transcript in this matter. See State v. Lyons, 13-564 (La.App. 5 Cir. 01/31/14), 134 So.3d 36, writ denied, 14-481 (La.11/7/14), 152 So.3d 170 (citing State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142). We further direct the Clerk of Court for the Twenty-Fourth Judicial District Court for the Parish of Jefferson to transmit the original of the corrected uniform commitment order to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ legal department.
CONCLUSION
Based on the foregoing, the proceedings surrounding defendant’s guilty pleas and sentencing do not present any non-frivolous issues to be raised on appeal. Appellate counsel’s brief adequately demonstrates by full discussion and analysis that she.has reviewed the trial court proceedings and cannot identify, any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. Therefore, defendant’s convictions and sentences are affirmed, and this matter is remanded for correction of the uniform commitment order in compliance with this opinion. We further order that, in addition to the | arecord copy, a separate copy of this opinion' be delivered to the Clerk of Court for the Twenty-Fourth Judicial District Court for the Parish of Jefferson. Appellate counsel’s motion to withdraw as attorney of record is granted.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED.

. Co-defendant, Ronell B. Barnes, was also charged in the same bill of information as defendant. Ronell Barnes was charged with armed robbery (count one) and felon in possession of a firearm (count two). Both' defendants pled guilty during a joint plea colloquy. Both defendants have appealed.

. Ronell Barnes’ convictions and sentences , were affirmed on-appeal, see State v. Ronell Barnes, 15-268 (La. App. 5 Cir. 11/19/15), 179 So.3d 885.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. In Anders, supra, the United States Supreme Court stated that appointed appellate counsel ' may request permission to withdraw if she finds defendant’s case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record’ that might arguably support the appeal” so as to, provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v, Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
• In Jyles, supra, the Louisiana Supreme Court stated that an Anders, brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why tire motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rulo, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration," Jyles, 704 So.2d at 241.

. The transcript which defendant attached as an exhibit to his application for post-canvlction relief appears to show that that defendant answered "Yes" when asked whether he had been forced, threatened, or coerced into entering his guilty pleas. However, page 11 is removed from the copy of the transcript attached by die defendant, and therefore, page 10 is followed by page 12, Page 11 of the transcript clearly reflects that defendant responded "No, sir," when asked if his guilty plea was coerced,