STEPHEN J. WINDHORST, Judge.
| ¡¡Defendant, Ronell B. Barnes, pled guilty to armed robbery in violation of La. R.S. 14:64 (count one) and felon in possession of a firearm in violation of La. R.S. 14:95.1 (count two). He was sentenced to twenty-five years at hard labor on count one and ten years at hard labor on count two to run concurrently with each other. Both sentences were to be served without benefit of parole, probation, or suspension of sentence.[1]
Thereafter, defendant filed an application for post-conviction relief, and the trial court granted an out-of-time appeal. This appeal follows.
In this appeal, defense counsel alleges that there are no non-frivolous issues for review and also requests that this Court conduct an error patent review. Defendant has filed a pro se brief in which he also requests an error patent review, and further alleges ineffective assistance of trial counsel and that his plea was not knowingly and voluntarily made. For the following reasons, we affirm defendant’s convictions and sentences.[2]
J^FACTS
Because the instant conviction was a result of a guilty plea, the underlying facts of the matter were not fully developed at trial. The bill of information charges that in Jefferson Parish on or about August 19, 2012, defendant violated La. R.S. 14:64 by *888 robbing Darcell Pope while armed with a dangerous weapon, and that he violated La. R.S. 14:95.1 by possessing a firearm, having previously been convicted of first degree robbery in violation of La. R.S. 14:64.1. At the time of defendant’s plea, the State tendered the following factual basis: “So basically, it’s a robbery with a gun of Dollar General where money was taken.” The State further said that one of the defendants “had a gun in his hand during the robbery.” The State also provided that “Each defendant had the prior convictions that are listed in the bill of information, and I am alleging that they shared, are principals on the gun.”
DISCUSSION
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 06/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-Mvolous issues to raise on appeal. Accordingly, appointed counsel requests permission to withdraw as counsel of record.
Defendant fíled a pro se brief in which he adopts appellate counsel’s request for an error patent review. In addition, defendant alleges that his trial counsel was ineffective for failing to investigate the evidence against defendant and for failing to stop the guilty pleas colloquy to determine whether defendant had any mental problems or had taken any medication.
After receiving appellate counsel’s brief and motion to withdraw, this Court performed a full examination of the entire appellate court record to determine I f,whether this appeal is frivolous in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v, Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam ).[3] Our independent review of the record in this case consisted of (1) a review of the bill of information to ensure that defendant was properly charged; (2) a review of all minute entries .to ensure that defendant was present at all crucial stages of the proceedings and that the conviction and sentence are legal; and (3) a review of the guilty plea and sentencing transcript to determine if there was an arguable basis for appeal.
In our review, we found-no non-frivolous issues regarding defendant’s convictions and sentences. The record shows that defendant was aware that he was pleading guilty to armed robbery and felon in possession of a firearm. Defendant pled guilty as charged to both counts, which is *889 reflected by both the transcript of the guilty pleas colloquy and by defendant’s signed written guilty plea form. During the guilty pleas colloquy and by the guilty plea form, defendant was informed of his right to a trial by judge or jury; the right to be presumed innocent until the State proves his guilt beyond a reasonable doubt; the right to confront any witnesses at trial who accuse him of these crimes and have counsel cross-examine each .of those witnesses; the right to testify himself at trial if he chose to do so; the right to remain silent if. he chose not to testify at trial and not have his silence held |,¡against him or considered as evidence of his guilt; the right to subpoena and compel any witnesses that would testify on his behalf; the right to present evidence that would be favorable to him at trial; the right to appeal any guilty verdict that might be returned against him at trial; and the right to be represented by counsel through all stages of the proceedings and have counsel appointed to him if he could not afford counsel. In addition, both the transcript and the waiver of rights form reflect that defendant was advised that if his guilty pleas were accepted, that he would, be sentenced to twenty-five years imprisonment for armed robbery and ten years imprisonment for felon in possession of a firearm with both sentences to be served at hard labor without benefit of probation, parole, or suspension of sentence and to run concurrently with each other. Defendant was sentenced in conformity with the plea agreement.

PRO SE ASSIGNMENT OF ERROR

In his pro se brief, defendant argues that his guilty pleas were.not voluntarily and intelligently made because of ineffective assistance of counsel, duress, lack of-understanding regarding the criminal process, and being unaware of the facts of the State’s case. Defendant specifically, asserts that his counsel was ineffective for failing to investigate the evidence and not realizing that the victim’s account described a first degree robbery instead of an armed robbery. He also argues that during the guilty pleas colloquy he informed the court that he did not understand, and defense counsel did not stop the process to conduct an inquiry. Defendant asserts that if defense counsel had informed him that there was not enough evidence to convict him of aimed robbery, then he would have proceeded to trial. He further argues that he was not informed of the nature of the charge against him, the maximum and minimum sentence exposure, and the consequences of a guilty plea.
17The transcript in the appellate record reflects that when the trial judge asked defendant whether he was forced, threatened, or coerced into entering his guilty pleas, defendant replied “No, sir.” In his guilty plea form, defendant initialed that he' had not in any way been- forced,coerced, or threatened to enter his guilty pleas.
Defendant also argues that he lacked an understanding of the criminal process. He asserts that he told the 'trial judge ahd counsel that he did not understand. During the guilty pleas colloquy, after defendant indicated that he could not understand, defense counsel súggested that he listen carefully. The trial judge repeated the question, and defendant subsequently. indicated that he understood. The judge also informed defendant that he could stop and ask any questions he might have. However, the only questions defendant expressed were for the trial judge to repeat certain questions, which the judge did immediately. After the questions were completed, defendant indicated that he understood. Therefore, defendant having indicated that he understood, we find that *890 the trial judge did not err in accepting his guilty pleas.
Defendant further argues that he wás unaware of the facts of the case. He asserts that if he had known there was insufficient evidence to convict him of armed robbery, then he would have proceeded to trial. Specifically, defendant complains that the victim’s account indicates that he did not see defendant with a gun. Defendant also argues that the State failed to provide a factual basis. The due process clause imposes no constitutional duty on state trial judges to'ascertain a' factual basis prior to accepting a guilty plea. State v. Hoppens, 13-948 (La.App. 5 Cir. 04/23/14), 140 So.3d 293, 301, writ denied. 14-1856 (La.09/11/15), 176 So.3d 414, (citing State v. Smith, 09-769 (La. App. 5 Cir. 03/9/10), 38 So.3d 894, 896 n. 1, writ denied, 10-843 (La.11/5/10), 50 So.3d 812). Nevertheless, the.State did provide a brief factual basis in the present case that included that a gun was used in |sthe robbery. After the State read the factual basis into the record, defendant indicated that he understood and agreed to the factual basis. The State also noted in its factual basis that defendant viewed the video of the robbery. Therefore, we find that defendant was aware of the facts of the State’s case and agreed to the factual basis including that a gun was used during the robbery.
In addition, defendant argues that he was not informed of the nature of the charges against him, the maximum-and minimum sentence exposure, and the consequences of the guilty pleas. During the guilty pleas colloquy and in the waiver of rights form' defendant indicated that he understood the nature of the crime to which he was pleading guilty and that he did not have any questions regarding the nature -of the charges; Also, during the guilty pleas colloquy and in the guilty pleas form, defendant was informed that the maximum sentence that he faced for armed robbery was ninety-nine years imprisonment and for felon in possession of á firearm was twenty years imprisonment, with both counts being served at hard labor and without benefit of probation, parole, or suspension of sentence. While defendant was not advised as to the minimum penalties he faced for the two offenses as required by La.C.Cr.P. art. 556.1, the mere fact that the trial court failed to inform the defendant of the statutory minimum and maximum sentence does not- render the pleas involuntary. State v. Ott, 12-111 (La.App. 5 Cir. 10/16/12), 102 So.3d 944, 952, In this case, as part of defendant’s plea agreement,.he was given a specific sentence of twenty-five years and ten years, to run concurrently. Defendant was also advised that the State would not file a multiple offender bill against him. The advisement of the agreed upon sentence was , sufficient for compliance with La.C.Cr.P. art. 556.1, See State v. Craig, 10-854 (LaApp. 5 Cir. 05/24/11), 66 So.3d 60, 64.
| ^Regarding defendant’s allegation of ineffective assistance of counsel, defendant argues in his pro se brief that defense counsel was ineffective because he failed to investigate the evidence against defendant and failed to stop the guilty pleas colloquy to determine whether defendant had any mental problems or had taken any medication. Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court,' where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. When -the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the *891 interest of judicial economy. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to postconviction proceedings under La.C.Cr,P. arts. 924-930.8. Hoppens, surpra at 300-301 (citing State v. Taylor; 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 689, 595).
Based on the limited record on appeal and the allegation of failure to investigate, we find that defendant’s ineffective assistance of counsel claims would be more appropriately raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary, and defendant can present evidence to support his allegations.
In addition, defendant argues' that counsel was ineffective for failing to inquire as to defendant’s mental state and medication •use during the guilty pleas colloquy. Nevertheless, the guilty pleas form reflects defendant initialed that he was not under the influence of alcohol and/or drugs and had no mental or physical impairment affecting his ability to enter the guilty pleas.
We find no merit to' defendant’s pro se assignments of error.
InERROR PATENT
Defendant requests an error patent review. This Court routinely reviews the record for errors patent according to the mandates of La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. In. our review, we find the following which merit consideration.
La. R.S. 14:95.1 B provides a mandatory fine of not less than $1,000.00 or more than $5,000.00. The record reflects that the trial court did not impose the mandatory fine in this case. Accordingly, defendant’s sentence for felon' in possession of a firearm is illegally lenient. This Court has the authority to correct an illegal sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction. See La.C.Cr.P. art. 882; State v. Campbell, 08-1226 (La.App. 5 Cir.05/26/09), 15 So.3d 1076, 1081, writ ; denied, 09-1385 (La.02/12/10), 27 So.3d 842. Nevertheless, this authority is permissive rather than mandatory. Id. Considering that the defendant’s sentence was imposed as a result of a plea agreement and his indigent status, we decline to exercise our authority to correct this illegally lenient sentence. See State v. James, 13-666 (La.App. 5 Cir. 02/12/14), 136 So.3d 113, 118; Campbell, 15 So.3d at 1081.
We also note that the Louisiana Uniform Commitment Order is incomplete. Although the uniform commitment order reflects defendant’s “Total Sentence (total length of incarceration imposed)” as twenty-five years, it does not reflect defendant’s separate sentences on each count, and it does not mention defendant’s ten-year sentence for the felon in possession of a firearm conviction. Accordingly, we remand this matter so that the uniform commitment order may be corrected for accuracy and completeness, consistent with the transcript in this matter. See State v. Lyons, 13-564 (La.App. 5 Cir. 01/31/14), 134 So.3d 36, writ denied, 14-481 (La.11/7/14), 152 So.3d 170 (citing State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142). We further direct the Clerk of Court for the Twenty-Fourth Judicial District Court for the Parish of Jefferson to transmit the original of the corrected uniform commitment order to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ legal department.
*892 CONCLUSION
Based on the foregoing, the proceedings surrounding defendant’s guilty pleas and sentencing do not present any non-frivolous issues to be raised on appeal. Appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. Therefore, defendant’s convictions and sentences are affirmed, and this matter is remanded for correction of the uniform commitment order in compliance with this opinion. We further order that, in addition to the record copy, a separate copy of this opinion be delivered to the Clerk of Court for the Twenty-Fourth Judicial District Court for the Parish of Jefferson. Appellate counsel’s motion to withdraw as attorney of record is granted.
CONVICTIONS AND SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

. Co-defendant, Brandon L. Barnes, was also charged in the same bill of information as defendant. Brandon Barnes was charged with armed robbery (count one) and felon in possession of a firearm (count three). Both defendants pled guilty during a joint plea colloquy. Both defendants have appealed.

. Brandon Barnes’ convictions and sentences were affirmed on appeal, see State v. Brandon Barnes, 15-268 (La.App. 5 Cir. 11/19/15), 179 So.3d 874, 2015 WL 7423461.

. In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds defendant’s case to be wholly frivolous after a conscientious examination of it, The request must be accompanied by “a brief referring to anything in the record that might arguably support tire appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability” and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should bo permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L,Ed.2d 440 (1988).
In Jyles, supra, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Andm brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate's eye over the trial record and considered ’ whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to. the jury for its consideration.” Jyl-es, 704 So.2d at 241.