STATE OF LOUISIANA

VERSUS

KAYLAN MORRIS

NO. 22-KH-291

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

July 21, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** KAYLAN MORRIS

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE J. STERLING SNOWDY, DIVISION "C", NUMBER 2016-CR-504, 2017-CR-144

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg

## WRIT GRANTED IN PART AND DENIED IN PART; SENTENCE AMENDED; REMANDED WITH INSTRUCTIONS

Relator, Kaylan Morris, seeks review of the trial court's June 6, 2022 Order denying his application for post-conviction relief and his request for an evidentiary hearing. In his APCR, relator requested that the trial court vacate his negotiated guilty pleas and sentences because his attorney misinformed him regarding the amount of time relator would serve on his 40 year sentences. For reasons that follow, we deny relator's request to vacate his guilty pleas. However, we grant the writ application in part to amend relator's sentence with respect to his manslaughter conviction to remove restrictions prohibiting probation, parole, and suspension of the sentence.

In Case No. 16-CR-504 filed in St. John the Baptist Parish, the State charged relator, along with two co-defendants, Norvon Gauff and Aaron Duhe, with committing an armed robbery at the Garyville General Store in 2016. In Case No. 17-CR-144 filed in the same parish, a grand jury indicted relator with second degree murder of his co-defendant, Norvon Gauff, committed in 2017. On March 9, 2020, pursuant to a negotiated plea agreement, relator pleaded guilty to armed robbery and the reduced charge of manslaughter. The trial court sentenced relator to 40 years without the benefit of probation, parole, or suspension of sentence on both charges to run concurrently. The minute entry from that date also indicates that the State *nolle prossed* four other cases pending against relator.

On February 23, 2022, relator filed an APCR requesting that the trial court vacate his guilty pleas because his attorney misadvised him regarding the amount of the 40 year sentence he would to serve. As a result, relator claimed that he did

not voluntarily and intelligently enter into his guilty pleas and he received ineffective assistance of counsel. He claimed that he based his decision to plead guilty on his attorney's promise that he would only serve 23 or 24 years of his sentence. He further claimed that when he arrived at the prison after his sentencing, he learned that he was expected to serve his entire 40-year sentence. Relator stated that if he knew he would be required to serve the entire sentence, he would not have pleaded guilty. Relator also attached affidavits from two family friends, as well as his father, who he claims confirm that relator's counsel told them relator would serve 65% of his sentence, 23 or 24 years, prior to entering the guilty pleas.

We find that the trial court did not err by denying relator's APCR. First, the trial court correctly determined that relator failed to meet his burden to prove his guilty pleas were constitutionally infirm. Once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin*[1] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or by what he justifiably believed was a plea bargain, and that bargain is not kept. *Id.* When the record establishes that an accused was informed of and waived his right to trial by jury, to confront his accusers and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. *State v. Harrell*, 09-364 (La. App. 5 Cir. 5/11/10), 40 So.3d 311, 321, *writ denied*, 10-1377 (La. 2/10/12), 80 So.3d 473.

Relator received the 40-year concurrent sentences negotiated with the State. The plea agreements and transcript do not indicate that anyone promised relator release after serving 23 or 24 years of his sentence. Good time or early parole eligibility were not part of the plea agreement and there was no discussion of these issues during the *Boykin* colloquy, other than to declare that the agreement provided for the sentences to be imposed *without* the benefit of probation, parole, or suspension of sentence.

During the plea colloquy, the trial court advised relator of the nature of the charges to which he was pleading guilty, along with the sentencing range for each offense. The trial court further advised him of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. Relator indicated that he understood these rights and that by pleading guilty he was waiving those rights. The guilty plea transcript also shows that relator answered, "No," when the trial court asked if he had any questions about sentencing. At no point did the trial court make any references to good time eligibility or relator's potential release date nor did relator raise any concerns or ask questions about the percentage of time he would actually serve or his potential release date.

We further observe that the affidavits attached to relator's APCR do not support his claim that his attorney promised him he would only serve 23 or 24 years of his sentence. First, 65% of a 40-year sentence is actually 26 years. We further observe that none of the affiants indicate that they heard relator's counsel promise relator he would only serve 23 or 24 years of his sentence. The two affidavits from relator's friends state that relator's counsel told them prior to

---

[1] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

sentencing that relator would be *eligible for release* after he served 65% of his sentence. They do not state that relator's attorney promised relator would only serve 23 or 24 years. The affidavit signed by relator's father indicates that he did not speak with relator's counsel until after relator pleaded guilty. Finally, we observe that, contrary to relator's claim that he will be required to serve his entire 40-year sentence, the Master Prison Record attached to relator's APCR indicates that relator is eligible for release after serving 33 years and 10 months of his sentence.

Second, we find that the trial court did not err by determining that relator failed to meet his burden to prove ineffective assistance of counsel. A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. *State v. Karim*, 19-133 (La. App. 5 Cir. 9/9/20), 302 So.3d 1200, 1204, *writ denied*, 20-1185 (La. 1/12/21), 308 So.3d 713; *State v. Francois*, 13-616 (La. App. 5 Cir. 1/31/14), 134 So.3d 42, 58, *writ denied*, 14-431 (La. 9/26/14), 149 So.3d 261. Under the standard for ineffective assistance of counsel set forth in *Strickland*, a conviction must be reversed if the defendant proves: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. *Karim*, *supra*. When a defendant claims that counsel's ineffective assistance rendered a guilty plea invalid, the *Strickland* analysis under the first deficiency prong remains the same, whereas under the second prejudice prong, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*; *State v. Stiller*, 16-659 (La. App. 5 Cir. 7/26/17), 225 So.3d 1154, 1157 (*citing Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)).

Relator, who was originally charged with second degree murder, is hard-pressed to show prejudice when his attorney negotiated a plea agreement resulting in the reduction of that charge carrying a life sentence to manslaughter. Relator also faced a sentencing range of 10 to 99 years imprisonment without the benefit of probation, parole or suspension of sentence for the armed robbery offense. Pursuant to the plea agreement, relator received a total 40-year term for manslaughter and armed robbery. In addition, the record indicates four other offenses were *nolle prossed*.

Further, in his APCR, relator did not argue that he would not have agreed to plead guilty if he had to serve more than 23 or 24 years. He argued that if he would have known he would be required to serve his entire 40-year sentence, he would not have pleaded guilty. As noted above, according to the Master Prison Record, relator attached to his APCR, relator is not currently required to serve his entire sentence and is eligible for release after serving 33 years and ten months. Considering the foregoing, the trial did not err in denying relator's ineffective assistance of counsel claim. Relator failed to prove a reasonable probability that, but for his attorney's alleged errors, relator would not have pleaded guilty and would have insisted on going to trial. We further find that the trial court did not err in denying an evidentiary hearing.

We grant relator's writ application, in part, however, to amend his sentence in Case No. 17-CR-144 with respect to relator's manslaughter conviction. The March 9, 2020 sentencing transcript and minute entry indicates that the trial court

imposed the 40-year sentence for manslaughter without the benefit of probation, parole, or suspension of sentence. However, the manslaughter statute, La. R.S. 14:31(B), does not mandate that the sentence be served without these benefits unless the victim was under the age of ten years, which is not applicable as the victim was one of relator's co-defendants in the armed robbery.

La. C.Cr.P. art. 882(A) provides, "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." *State v. Barnes*, 15-268 (La. App. 5 Cir. 11/19/15), 179 So.3d 885, 891 ("This Court has the authority to correct an illegal sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction."). When a sentencing error involves the imposition of restrictions beyond what is authorized, the Louisiana Supreme Court has ruled that the appellate courts should not rely on La. R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under La. C.Cr.P. art. 882. *State v. Sanders*, 04-17 (La. 5/14/04), 876 So.2d 42.

Therefore, we amend relator's sentence in Case No. 17-CR-144 for his manslaughter conviction to remove the requirement that his 40-year sentence be served without the benefit of probation, parole, or suspension of sentence. Relator's 40-year sentence for his armed robbery conviction in Case No. 16-CR-504 remains unchanged and shall be served without the benefit of probation, parole, or suspension of sentence as required by La. R.S. 14:64. We further order the clerk of court for the trial court to transmit notice of the amended sentence in Case No. 17-CR-144 to the office in charge of the institution where relator is serving his sentence and to the Department of Corrections' legal department. *See State v. Richard*, 12-310 (La. App. 5 Cir. 4/24/13), 115 So.3d 86, 94, *writ denied*, 13-1220 (La. 12/2/13), 126 So.3d 497.

Gretna, Louisiana, this 21st day of July, 2022.

**HJL**
**RAC**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **07/21/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KH-291**

### E-NOTIFIED
40th District Court (Clerk)
Honorable J. Sterling Snowdy (DISTRICT JUDGE)
Honorable Bridget A. Dinvaut (Respondent)

### MAILED
Kaylan Morris #752853 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426